**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Rafi Hasbani, Esq.
*Counsel for Plaintiff Green Mountain Holdings (Cayman) Ltd.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,    Case No.: 21-cv-3353

**COMPLAINT**

Plaintiff,

-against -

289 MARY'S LLC, LLC, REXHEP BOGA, JOHN DOE and JANE DOE, the last two names being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises described in the complaint,

Defendants.
-------------------------------------------------------------------X

Plaintiff, Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

### NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 289-291 Saint Mary's Avenue, Staten Island, NY 10305 known on the Richmond County Tax Map as Block 2987, Lot 5&6 in the County of Richmond and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" of "Plaintiff") is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida.

3. 289 Mary's, LLC ("289 Mary's"), upon information and belief, is a single member limited liability company organized under the law of the State of New York. 289 Mary's is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

4. 289 Mary's sole member REXHEP BOGA ("Boga") is an individual who is a citizen of the State of New York. Boga is a necessary party to this action because she is a personal guarantor under the Note.

5. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

6. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

9. On or about October 25, 2018, 289 Marys' executed and delivered to Golden Bridge LLC d/b/a Golden Bridge Funding LLC (the "Lender") a Note evidencing a loan made to Lender in the principal amount of two hundred fifteen thousand dollars and zero cents ($215,000.00) with interest as provided therein.

10. On or about October 25, 2018, 289 Marys' executed and delivered to Golden Bridge LLC d/b/a Golden Bridge Funding LLC (the "Lender") a mortgage evidencing a loan made to Lender in the principal amount of two hundred fifteen thousand dollars and zero cents ($215,000.00) with interest mortgaging the Property as collateral security for the Note.

11. The mortgage was duly recorded in the Richmond County City Register on November 5, 2018 with Document #719054.

12. On or about February 12, 2019, 289 Marys' executed and delivered to the Lender a Note evidencing a loan made to Lender in the principal amount of one hundred eighty five thousand dollars and zero cents ($185,000.00) with interest as provided therein.

13. On or about February 12, 2019, 289 Marys' executed and delivered to the Lender a mortgage evidencing a loan made to Lender in the principal amount one hundred eighty five thousand dollars and zero cents ($185,000.00) with interest mortgaging the Property as collateral security for the Note.

14. The mortgage was duly recorded in the Richmond County City Register on February 21, 2019 with Document #730994.

15. On or about February 12, 2019, 289 Mary's and the Lender duly executed and acknowledged a consolidation and modification agreement ("Consolidation Agreement"). The Consolidation Agreement was filed in the Richmond County City Register on February 21, 2019 with Document #730995.

16. The Consolidation Agreement combined the October 25, 2018 mortgage in the amount of $215,000.00 and the February 12, 2019 mortgage in the amount of $185,000.00to form a single lien on the Property securing a principal sum of $400,000.00.

17. On or about February 12, 2020, 289 Marys' executed and delivered to the Lender a Note evidencing a loan made to Lender in the principal amount of one hundred thousand dollars and zero cents ($100,000.00) with interest as provided therein.

18. On or about February 12, 2020, 289 Marys' executed and delivered to the Lender a mortgage evidencing a loan made to Lender in the principal amount one hundred thousand dollars and zero cents ($100,000.00)  with interest mortgaging the Property as collateral security for the Note.

19. The mortgage was duly recorded in the Richmond County City Register on April 23, 2020 with Document #776706.

20. On or about February 12, 2020, 289 Marys' executed and delivered to the Lender a Consolidated Note evidencing a loan made to Lender in the principal amount five hundred thousand dollars and zero cents ($500,000.00)  with interest mortgaging the Property as collateral security for the Note. A copy of the consolidated note is attached hereto as Exhibit B. The Consolidated Note combined the October 25, 2018 note in the amount of $215,000.00, the February 12, 2019 note in the amount of $185,000.00, and the February 12, 2020 note in the amount of $100,000.00 to form a single

21. On or about February 12, 2020, 289 Mary's and the Lender duly executed and acknowledged a consolidation and modification agreement ("Consolidation Agreement"). The Consolidation Agreement was filed in the Richmond County City Register on April 23, 2020 with Document #776707. A copy of the Consolidation Agreement is attached hereto as **Exhibit C**.

22. The Consolidation Agreement combined the October 25, 2018 mortgage in the amount of $215,000.00, the February 12, 2019 mortgage in the amount of $185,000.00, and the February 12, 2020 mortgage in the amount of $100,000.00 to form a single lien on the Property securing a principal sum of $500,000.00.

23. On or about February 12, 2020, Boga executed a Personal Guarantee the Loan. A copy of the Personal Guarantee is annexed hereto as **Exhibit D**.

24. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Eddington Link owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See* **Exhibits B** and **C**.

25. Green Mountain is the current owner of the Note by virtue of its physical possession of the wet-ink Consolidated Note. Therefore, Green Mountain is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**. A copy of the Assignment of Mortgage memorializing the physical transfer of the Note is annexed hereto as **Exhibit E.**

26. 289 Mary's defaulted under the terms of the Note and Mortgage for the payment due on March 2, 2021 (the "Default"). *See* **Exhibits B** and **C**.

27. The Guarantors also defaulted under the terms of the Note for the payment due on March 2, 2021. *See* **Exhibit B**.

28. Under the terms and conditions of the Note and Mortgage, the total principal balance plus all other fees and charges that may apply pursuant to the Mortgage is approximately $582,633.33.

29. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

30. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

31. No other action is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

32. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and realleges all of the above allegations in paragraphs 1 – 32 as if again set forth.

34. On or about February 12, 2020 Boga executed the Personal Guarantee for the Loan. *See* **Exhibit D**. Accordingly, Boga unconditionally and irrevocably guaranteed the payment of the sums dude under the terms of the Note and Mortgage, including upon acceleration. *See id.*

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

b) On the Second Cause of Action judgment jointly and severally against 289 Mary's

7

LLC and Rexhep Boga for any deficiency due under the Note and Mortgage which may result from the sale, including Plaintiff's reasonable counsel fees, with interest up to the time of such payment;

c) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: June 14, 2021
New York, New York

By:     <u>/s/ Rafi Hasbani</u>
Rafi Hasbani, Esq.
*Attorneys for Plaintiff Green Mountain Holdings (Cayman) Ltd.*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677